ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, May 14, 2020 9:31:00 AM
CASE NUMBER: 2020 CV 02022  Docket ID: 34573773
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| **Gayle Johnson**<br>744 Fairgrove Way<br>Dayton, OH  45426<br><br>Plaintiff,<br><br> v.<br><br>**Starr Indemnity and Liability Company**<br>399 Park Avenue<br>2nd Floor<br>New York, NY  10022<br><br>Defendant. | Case No.:<br><br>Judge<br><br><br><br>**COMPLAINT FOR<br>BAD FAITH INSURANCE CLAIM<br>HANDLING WITH JURY DEMAND<br>ENDORSED HEREON** |

## FIRST CLAIM FOR RELIEF

1. From 1972 until August 2016, Plaintiff, Gayle Johnson was the president and Chief Executive Officer of Day-Mont Behavioral Health Care, Inc. (hereinafter "Day-Mont").

2. In or about May 2017, Plaintiff was assessed by the IRS, as a "responsible party" pursuant to IRC section 6672, for the failure of Day-Mont to pay federal income and FICA taxes withheld from wages of its employees for pay period ending Mach 31, 2015 through pay period ending September 30, 2015.

3. Plaintiff made payments on the assessment, and on July 20, 2017 filed a request for refund of those payments and an abatement with request to the claimed tax debt in the amount of $436,215.00.

4. On May 25, 2018, Plaintiff filed a lawsuit in federal court asserting that the tax assessment against her was wrongful in that she was not the responsible party in control of the payment of taxes giving rise to the assessment and she did not act willfully within the meaning of 26 U.S.C. Section 6672 with respect to the failure of the corporation.

5. On September 27, 2018, the United States of America Department of Treasury (hereinafter "IRS"), filed an answer to the complaint filed by Plaintiff and a counterclaim against the Plaintiff claiming that Plaintiff owed $544,201.30, further statutory additions and interest accruing on and after September 10, 2018.

6. At all relevant times, Day-Mont was insured by Starr Indemnity and Liability Company (hereinafter "Starr") an insurance company licensed to do business in the State of Ohio.

7. Starr policy number 1000056136161 provided insurance coverage from July 1, 2016 through July 1, 2017 to Day-Mont and to Plaintiff as the President and CEO of the corporation. A true and accurate copy of this policy is attached hereto as Exhibit A.

8. Earlier and subsequent policies were maintained by Day-Mont with Starr for the benefit and protection of Day-Mont and Plaintiff herein from July 1, 2014 through July 1, 2018 pursuant to which the Directors and Officers and the corporation maintained the same level of insurance coverage and protection.

9. The insuring agreement of the subject policy provides that Starr shall pay on behalf of any Insured Person the Loss arising from a Claim first made during the Policy Period against such Insured Person for any Wrongful Act and reported to the Insurer in accordance with the terms of this policy.

10. Plaintiff was an Insured Person pursuant to the terms of the subject policy.

11. The assessment by the IRS constitutes a Claim during the Policy Period and Loss with regard to which the insuring agreement would provide coverage in the first instance.

12. The alleged failures by the Plaintiff to pay taxes to the IRS reflects a Wrongful Act with regard to which the insuring agreement would provide coverage in the first instance.

13. Plaintiff provided notice of the subject claim and otherwise complied with the duties and obligations upon her pursuant to the terms and conditions of the subject policy.

14. Plaintiff requested that Starr provide a defense of the action by the IRS and that Starr acknowledge coverage for the subject Claim.

15. Starr denied Plaintiff's request for coverage under all insurance policies maintained by Day-Mont for the several years associated with the claimed wrongful acts and demand for payment made against the Plaintiff.

16. Starr refused the request by Plaintiff to provide Plaintiff with a defense in the action brought by the IRS.

17. Defendant Starr denied Plaintiff's request for coverage, specifically denying Plaintiff a right to have Starr defend her in the action by the IRS and indemnify her for loss should a judgment be rendered against her in that case.

18. Defendant denied coverage for Plaintiff's defense costs in the IRS action and indemnity for any loss in connection with the claim based on an Exclusion in the policy which provides as follows:

    This policy shall not cover any loss in connection with any claim:

    (m) alleging, arising out of, based upon or attributable to any obligation pursuant to any workers' compensation, disability benefits, unemployment compensation, unemployment insurance, retirement benefits, social security benefits or similar law.

19. Starr's denial of coverage was wrongful and a breach of her subject policy.

20. Starr further has a duty of good faith and fair dealings.

21. Starr's duty of good faith and fair dealings involves a duty to fully and fairly investigate the nature of the subject claim and loss associated herewith, objectively evaluate the facts derived in the investigation, evaluate application of policy terms objectively resolving any ambiguity in favor of Plaintiff and a duty to provide coverage if such can be reasonably justified.

22. Starr acted in bad faith in failing to make a full and fair investigation.

23. Starr acted in bad faith in failing to evaluate the facts of the case objectively and resolving ambiguity in favor of Plaintiff.

24. Starr acted in bad faith in its failure to accept the claim, provide a defense and give assurance to Plaintiff that any potential loss would be covered.

25. Starr's bad faith conduct is consistent with a pattern and practice of similar actions which Starr knows to be wrongful but calculated to avoid its responsibility for the profit of the company.

26. Starr's bad faith denial was wanton, willful and/or reckless disregard for Plaintiff's rights with the certainty of causing Plaintiff substantial harm.

27. Plaintiff has incurred attorney fees, significant stress, anxiety and upset as a direct result of Defendant's bad faith behavior.

**WHEREFORE**, Plaintiff, Gayle Johnson, demands compensatory damages against Defendant, Starr Indemnity and Liability Company, in an amount in excess of $25,000, punitive damages in an amount in excess of $25,000**,** pre-judgment interest, attorney fees, and costs of this action.

Respectfully submitted,

**DYER, GAROFALO, MANN & SCHULTZ**

/s/ *John A. Smalley*
John A. Smalley (0029540)
Attorney for Plaintiff
131 N. Ludlow Street, Suite 1400
Dayton, Ohio  45402
(937)223-8888
Fax # (937) 824-8630
jsmalley@dgmslaw.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ *John A. Smalley*
John A. Smalley (0029540)