UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GAYLE JOHNSON,

 Plaintiff,

vs.

STARR INDEMNITY & LIABILLTY COMPANY,

 Defendant.

Case No. 3:20-cv-00237

District Judge Michael J. Newman

---

**ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY DISCOVERY OF PLAINTIFF'S BAD FAITH CLAIM (DOC. NO. 17)**

---

Plaintiff Gayle Johnson is the former president and chief executive officer of Day-Mont Behavioral Health Care, Inc. ("Day-Mont"). She brings this case to recover under the terms of an indemnity insurance policy issued by Defendant Starr Indemnity & Liability Company ("Starr") to Day-Mont and to Plaintiff, as Day-Mont's president and chief executive officer (Starr policy number 1000056136161). Doc. No. 5 at PageID 27-29. In addition to her breach of contract claim, Johnson asserts that Starr breached its duty of good faith and fair dealing, and acted in bad faith, by (1) "failing to make a full and fair investigation"; (2) "failing to evaluate the facts of the case objectively and resolving ambiguity in favor of Plaintiff"; and (3) failing "to accept the claim, provide a defense and give assurance to Plaintiff that any potential loss would be covered." *Id*. at 29.

Starr seeks an order bifurcating and staying discovery on Johnson's bad faith claim, along with bifurcation at trial, until her threshold insurance coverage claim is resolved. Doc. No. 17. According to Starr, "[b]ifurcating and staying discovery is particularly appropriate in insurance

coverage cases involving bad faith claims when interpretation of contract language will resolve the case -- especially when a plaintiff fails to provide any factual support or specific allegations of bad faith." *Id*. at 88. Starr also maintains that bifurcation, and a stay of discovery, is required to avoid causing it undue prejudice. *Id*. at 92. In Starr's view, it will suffer undue prejudice if Johnson is permitted to discover Starr's insurance claim file because the file contains information concerning Starr's legal strategy -- particularly, its defense strategy against Johnson's breach of contract claim. *Id*. Starr sees additional undue prejudice because the file contains information protected by the attorney-client privilege and the work product doctrine. *Id*. at 91-92. Starr contends, "[Johnson] would be able to use privileged communications against Starr to try and change the focus from where it should be -- the plain and unambiguous language in the policy." *Id*. at 92.

Johnson argues that her two claims (breach of contract and bad faith denial of insurance coverage) and the defenses at issue "are all intertwined and bifurcation would be tremendously inefficient, increase expenses and would be unnecessary with no evidence of prejudice to the Defendant in either permitting discovery or having a trial on all issues that arise from the same underlying facts and circumstances." Doc. No. 18 at PageID 121.

## I.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims…." Fed. R. Civ. P. 42(b). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citations omitted). The party requesting bifurcation (here, Starr) bears the burden of demonstrating that it is warranted. *Greif Int'l Holding BV v. Mauser USA, LLC*, No. 2:16cv1198, 2017 WL 2177638, at *3 (S.D. Ohio May

18, 2017); *see Carpenter v. Liberty Ins. Corp.*, No. 3:17cv228, 2017 WL 6055118, at *1 (S.D. Ohio Dec. 7, 2017). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556.

"There is no absolute rule that a coverage claim should always be bifurcated from [a] bad faith claim…." *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-cv-1285, 2008 WL 4823069, at *3 (S.D. Ohio Nov. 3, 2008); *see 4 West, LLC v. Auto-Owners (Mut.) Ins. Co.*, No. 3:20-cv-01, 2021 WL 81748, at *2 (S.D. Ohio Jan. 11, 2021) (noting, under Fed. R. Civ. P. 42(b), "bifurcation of the bad-faith claim is permitted, but not required").

## II.

Starr's proposed stay of discovery and focus on Johnson's breach of contract claim points towards discovery and case-management efficiency achieved by litigation of one claim rather than two. *See Cleveland Freightliner, Inc. v. Federated Serv. Ins. Co.*, No. 1:09-cv-1108, 2010 WL 395626, at *13 (N.D. Ohio Jan. 26, 2010) ("Ohio law clearly states if denial of coverage is appropriate there is no bad faith." (citation omitted)). This efficiency, however, will exist only if Johnson's breach of contract claim fails before, or at, trial. Case management efficiency will be lost if her breach of contract claim survives the summary judgment and trial stages because its survival would likely require re-opening discovery on her bad faith claim followed by a second dispositive motion stage and possible a second trial (focusing exclusively on her bad faith claim). Case management that might require the parties to climb up the procedural ladder to trial -- then down, and up it again to litigate a bad faith claim -- would be inefficient and significantly increase the cost of litigation for both parties.

Far more efficient case management would be to set one discovery phase on Johnson's two claims and Starr's defenses, followed by a dispositive motion phase during which both claims

3

could be reviewed on summary judgment. If Johnson's two claims survive that review, then the issue of bifurcation at trial could be revisited based on a more complete record, resulting in a better informed bifurcation decision. If Johnson's breach of contract claim survives summary judgment, but not her bad faith claim, only a single trial would be necessary. Either possible outcome would be more efficient than the "up and down and up" procedure that could result from staying discovery and focusing first on Johnson's breach-of-contract claim. *See Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10cv439, 2010 WL 2788676, at *5 (S.D. Ohio July 14, 2010) ("[A] defendant may not ground its bifurcation argument on the mere possibility that resolution of the breach of contract issue may preclude the plaintiff's bad faith claim." (citations omitted)).

While surely there are insurance coverage cases where staying discovery on a bad faith claim is warranted, *e.g., Sparks v. State Farm Mut. Auto. Ins. Co.*, No. 1:12-cv-604, 2013 WL 12180873, at *2 (S.D. Ohio Apr. 24, 2013), the present limited record does not reveal the instant case to be one. Indeed, "[f]ederal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because '[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.'" *Shah v. Metro. Life Ins. Co.*, No. 2:16cv1124, 2017 WL 3288185, at *1 (S.D. Ohio Aug. 2, 2017) (quoting Wright & Miller, *Federal Practice and Procedure* § 2388, at 474 (2d ed. 1999); *Home Elevators, Inc. v. Millar Elevator Serv. Co.*, 933 F.Supp. 1090, 1091 (N.D. Ga. 1996)).

Turning to the assertion of undue prejudice, Starr must specify how it will be prejudiced by permitting discovery to proceed. *Wolkosky*, 2010 WL 2788676, at *4 ("[A] defendant must make a specific showing that the discovery will prejudice its defense"). Starr has not met this specificity requirement. Its concern over revealing its legal strategy is closely tied to its assertion of attorney-client privilege and the work product doctrine. There is nothing preventing Starr from

seeking to protect its legal strategy by litigating its privilege and work product concerns during discovery. *Id*. ("Defendant can still guard against prejudice by challenging future discovery requests that it believes seek privileged documents." (citations omitted); *cf. Broad v. North Pointe Ins. Co.,* No. 5:11cv2422, 2012 WL 12894227, *2 (N.D. Ohio Aug. 30, 2012) ("A court cannot 'make an affirmative determination of potential prejudice to Defendants, where Defendants bear the burden of proof, without considering *evidence* of prejudice.'" (emphasis in original) (citation omitted)).

### III.

Starr's motion to bifurcate and stay discovery of Johnson's bad faith claim (doc. no. 17) is thus **DENIED**.

**IT IS SO ORDERED.**

June 22, 2021                                    s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge